1  WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis M Danzik and RDX Technologies Corporation, | No. CV-17-00969-PHX-JAT |
| Plaintiffss, | **ORDER** |
| v. | |
| CWT Canada II Limited Partnership, Resource Recovery Corporation, Changing World Technologies Incorporated, Jean Noelting, Unknown Noelting, Bruce MacFarlane, Unknown MacFarlane, Brian Appel, and Unknown Appel, | |
| Defendants. | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

In this case, the complaint alleges jurisdiction based on diversity. *See* 28 U.S.C. § 1332. However, the complaint does not allege sufficient facts for the Court to determine whether there is jurisdiction. *See Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1116-1118 (9th Cir. 2004) (remanding to the district court to conduct proceedings and consider evidence as necessary to determine subject matter jurisdiction).

First, the complaint fails to allege the principal place of business of Plaintiff corporation RDX Technologies.[1] *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010)

---

[1] The complaint only alleges that RDX is a Canadian corporation.

(discussing the citizenship of a corporation). Second, the complaint fails to allege the names and citizenship of each partner of Defendant CWT Canada II Limited Partnership. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) (discussing the citizenship of limited partnerships).[2] Third, the complaint fails to allege the citizenship of all partners in Defendant Changing World Technologies, LP.[3] Fourth, no allegation of citizenship of any kind is made for the following individual Defendants: 1) Jean Noelting; 2) Jane Doe Noelting; 3) Bruce MacFarlane; 4) Jane Doe MacFarlane; 5) Brian Appel; and 6) Jane Doe Appel. *See generally Kanter*, 265 F.3d 857-58. Fifth, the complaint makes no showing that the amount in controversy exceeds the jurisdictional minimum. *See generally Valdez*, 372 F.3d at 1116-1118. Sixth, diversity jurisdiction will not exist if both the Plaintiff and the Defendant are foreign, which appears to be true in this case. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs shall file a supplement to the complaint by June 16, 2017 properly alleging federal subject matter jurisdiction or this case will be dismissed without prejudice for lack of jurisdiction.

Dated this 9th day of June, 2017.

James A. Teilborg
Senior United States District Judge

---

[2] The complaint does state each partner of this Defendant is either incorporated or resides in Canada. However, that allegation does not include a principal place of business for corporations nor does it include citizenship, as opposed to residence, for each individual. *See Hertz*, 559 U.S. at 92-93; *Kanter v. Warner-Lambert*, 265 F.3d 853, 857-858 (9th Cir. 2001) (discussing that residence is not citizenship for purposes of diversity). Beyond these flaws, however, and consistent with *Valdez*, the Court must review the citizenship of each limited partner, and not a generic assertion.

[3] The complaint states that this Defendant is a Delaware partnership. This allegation is irrelevant to determining citizenship for purposes of diversity. *See Carden*, 494 U.S. at 195-96 (holding that partnerships take on the citizenship of every general and limited partner).