WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis M Danzik and RDX Technologies Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> CWT Canada II Limited Partnership, Resource Recovery Corporation, Changing World Technologies Incorporated, Jean Noelting, Unknown Noelting, Bruce MacFarlane, Unknown MacFarlane, Brian Appel, and Unknown Appel, <br><br> Defendants. | No. CV-17-00969-PHX-JAT <br><br> **ORDER** |

On June 9, 2017, the Court issued the following Order:

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

In this case, the complaint alleges jurisdiction based on diversity. *See* 28 U.S.C. § 1332. However, the complaint does not allege sufficient facts for the Court to determine whether there is jurisdiction. *See Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1116-1118 (9th Cir. 2004) (remanding to the district court to conduct proceedings and consider evidence as necessary to determine subject matter jurisdiction).

First, the complaint fails to allege the principal place of business of Plaintiff corporation RDX Technologies. [footnote omitted] *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010) (discussing the citizenship of a corporation). Second, the complaint fails to allege the names and citizenship of each partner of Defendant CWT Canada II Limited Partnership. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) (discussing the citizenship of limited partnerships). [footnote omitted] Third, the complaint fails to allege the citizenship of all partners in

Defendant Changing World Technologies, LP. [footnote omitted] Fourth, no allegation of citizenship of any kind is made for the following individual Defendants: 1) Jean Noelting; 2) Jane Doe Noelting; 3) Bruce MacFarlane; 4) Jane Doe MacFarlane; 5) Brian Appel; and 6) Jane Doe Appel. *See generally Kanter*, 265 F.3d 857-58. Fifth, the complaint makes no showing that the amount in controversy exceeds the jurisdictional minimum. *See generally Valdez*, 372 F.3d at 1116-1118. Sixth, diversity jurisdiction will not exist if both the Plaintiff and the Defendant are foreign, which appears to be true in this case. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

(Doc. 18).

On June 15, 2017, the Court issued the following Order:

On June 9, 2017, the Court ordered Plaintiffs to supplement the complaint by June 16, 2017, to cure six defects in jurisdiction identified by the Court. Today, Plaintiffs filed a supplement addressing 5 of the 6 identified defects. IT IS ORDERED that by the original deadline, Plaintiffs must file a further supplement addressing the sixth defect or this case will be dismissed, without prejudice. (See Doc. 18 at 2 ("Sixth, diversity jurisdiction will not exist if both the Plaintiff and the Defendant are foreign, which appears to be true in this case. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).)").

(Doc. 24).

Following the second order, Plaintiffs filed a second supplement. Two jurisdictional issues remain.

First, with respect to one Defendant, CWT Canada II Limited Partnership, Plaintiffs have pleaded a citizenship for the general partner, then state "Upon information and belief, [the general partner] is the only partner in CWT Canada II Limited Partnership." (Doc. 23 at 2). Initially, the Court finds it curious that a "partnership" would be created with only one "partner." Additionally, the Court notes that this is the only party whose citizenship has been pleaded "on information and belief" rather than actual knowledge.

The Court finds this allegation is insufficient to establish diversity jurisdiction. However, the Court notes that it must permit jurisdictional allegations on information and belief until the Defendant has been served. *See Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). Thus, the Court will require a

further supplement regarding jurisdiction after the Defendant has been served.

The second remaining jurisdictional issue stems from the Ninth Circuit Court of Appeals holding in *Nike.* 20 F.3d at 990-91. Specifically, the Court held that if there are foreign plaintiffs and foreign defendants, there can be no diversity jurisdiction. *Id.* (citing *Cheng v. Boeing Co*, 708 F.3d 1406, 1412 (9th Cir.) *cert. denied*, 464 U.S. 1017 (1983)). Further, the Court of Appeals held that a United States citizen plaintiff or defendant (added to the foreign plaintiffs and foreign defendants) would not be sufficient for diversity jurisdiction. *Id.* (citing *Faysound Ltd. v. United Coconut Chem., Inc.* 878 F.2d 290, 294 (9th Cir. 1989)). However, the Court then held that even though a foreign plaintiff and a foreign defendant would not be completely diverse, so long as a United State citizen plaintiff and United State citizen defendant (who were diverse from each other) were added to the case, it would cure the lack of complete diversity between the foreign plaintiffs and defendants such that the federal court would have diversity jurisdiction. *Id.* (citing *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298-99 (9th Cir. 1985).

Against this backdrop, this Court must consider whether, when the Court has diverse United States plaintiffs and defendants, but also foreign plaintiffs and foreign defendants, does the Court disregard the foreign plaintiff's and foreign defendant's actual citizenship? In other words, in *Transure*, the foreign plaintiff was a citizen of Great Britain and the foreign defendant was a citizen of South Africa. 766 F.2d at 1298. In this case, all foreign parties are citizens of Canada.

Faced with this same question, a district court in California held as follows:

> We have held in previous cases that the presence of foreigners on both sides of a diversity case does not destroy diversity. *Allendale Mutual Ins. Co. v. Bull Data Systems, Inc.,* 10 F.3d 425, 428 (7th Cir. 1993); *Dresser Industries, Inc. v. Underwriters at Lloyd's of London,* 106 F.3d 494 (3d Cir. 1997); *Transure, Inc. v. Marsh & McLennan, Inc.,* 766 F.2d 1297, 1299 (9th Cir. 1985). But neither our court nor any other appellate court has decided whether it makes a difference if there are foreigners from the same country on both sides, though intimations that it does not can be found in *Dresser*, 106 F.3d at 500, and in *Karazanos v. Madison Two Associates,* 147 F.3d 624, 627 (7th Cir.1998). All but one of the district court cases to address the question hold that it makes no difference. *Zenith Electronics*

*Corp. v. Kimball Int'l Mfg., Inc.,* 114 F.Supp.2d 764, 768-74 (N.D.Ill. 2000); *Bank of New York v. Bank of America,* 861 F.Supp. 225, 228-29 (S.D.N.Y. 1994); *Clark v. Yellow Freight System, Inc.,* 715 F.Supp. 1377, 1378 (E.D.Mich. 1989); *K & H Business Consultants Ltd. v. Cheltonian, Ltd.,* 567 F.Supp. 420, 422-24 (D.N.J. 1983). (The outlier is *De Wit v. KLM Royal Dutch Airlines, N.V.,* 570 F.Supp. 613, 617 (S.D.N.Y. 1983).) We agree.

*Fischer v. Zespri Fresh Produce N. Am., Inc.*, No. 1:07-CV-00610LJO, 2007 WL 2385074, at *6 (E.D. Cal. Aug. 17, 2007).

Thus, it appears to be an open question as to whether this Court has diversity jurisdiction in case in which all of the foreign parties on both sides of a diversity case are from the same country. Before this Court decides whether complete diversity requires that the foreign plaintiffs and foreign defendants not be from the same country, the Court will require further supplemental briefing by both parties.

Accordingly,

**IT IS ORDERED** that within 30 days of service on all Defendants, Defendants and Plaintiffs shall file a joint supplement regarding jurisdiction which must include: 1) an allegation of the citizenship of CWT Canada II Limited Partnership based on actual knowledge; and 2) a brief regarding whether this Court must consider the country of citizenship of foreign parties for purposes of determining whether complete diversity exists.

Dated this 20th day of June, 2017.

James A. Teilborg
Senior United States District Judge