1  J. Henk Taylor (016321)
2  **RYAN RAPP & UNDERWOOD, P.L.C.**
   3200 N. Central Ave, Suite 2250
3  Phoenix, Arizona 85012
   Telephone: (602) 280-1000
4  Facsimile: (602) 265-1495
5  Email: htaylor@rrulaw.com

6  Jeffrey M. Eilender (*pro hac vice to be submitted*)
7  Bradley J. Nash (*pro hac vice to be submitted*)
   Joshua Wurtzel (*admitted pro hac vice*)
8  **SCHLAM STONE & DOLAN LLP**
   26 Broadway
9  New York, New York 10004
   Telephone: (212) 344-5400
10 Facsimile: (212) 344-7677
11 jeilender@schlamstone.com
   bnash@schlamstone.com
12 jwurtzel@schlamstone.com
13 *Attorneys for Defendants*

14              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF ARIZONA**
15

16 DENNIS M. DANZIK, an Arizona Citizen;
   and RDX TECHNOLOGY
17 CORPORATION, (fka RIDGELINE            Case No.: 2:17-CV-00969-JAT
   ENERGY SERVICES, INC.) a British
18 Columbia Canadian Corporation,
19              Plaintiffs,
                                           **DEFENDANTS' MOTION TO**
20     v.                                  **ENJOIN PLAINTIFFS FROM**
                                           **FURTHER LITIGATION**
21 CWT CANADA II LIMITED
   PARTNERSHIP, an Ontario Canada Limited
22 Partnership; RESOURCE RECOVERY          **(Oral Argument Requested)**
   CORPORATION, a Delaware Corporation;
23 CHANGING WORLD TECHNOLOGIES, a
   Delaware Limited Partnership; JEAN
24 NOELTING; JANE DOE NOELTING;
   BRUCE MCFARLANE; JANE DOE
25 MCFARLANE; BRIAN APPEL; and JANE
   DOE APPEL,
26
27              Defendants.
28

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation (collectively, the "CWT Parties"), Jean Noelting, and Bruce MacFarlane (collectively, the "Movants")[1] file this motion to enjoin Plaintiffs Dennis M. Danzik and RDX Technology Corporation from filing any new actions asserting claims, or raising defenses in pending actions, arising out Plaintiffs' claims here without first obtaining permission from this Court. This motion is supported by the following Memorandum of Points and Authorities and the accompanying Declaration of Jeffrey M. Eilender in Support of Defendants' Motion to Enjoin Plaintiffs From Further Litigation ("Eilender Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

This action is the ***seventh*** time Plaintiffs have asserted the very same claims, which have been rejected multiple times by courts across the country. Having been unsuccessful in New York, Wyoming, Arizona, and Canada, Plaintiffs try their hand again here – undeterred by the frivolity of their claims and the waste of this Court's resources that their serial litigation strategy will cause.

Indeed, Plaintiffs' disregard for the integrity of the judicial process is nothing new: Danzik is a fugitive from New York after the court there held him in criminal and civil contempt for disobeying its orders, and he will be imprisoned if he returns to New York. Further, during his own bankruptcy action in Wyoming, Danzik refused to appear in person, and appeared only by Skype from an undisclosed location. In short, Danzik is a

---

[1] Defendant Brian Appel does not join this motion because, as explained in his separate motion to dismiss, the Court lacks personal jurisdiction over him, and so he does not seek any affirmative relief in this action.

fugitive on the run, who is intent on hiding the money he stole from Movants by evading arrest, disobeying court orders, and flaunting the judicial system. Plaintiffs' commencement of multiple frivolous, duplicative lawsuits across the continent – including this action – is part of this strategy.

Thus, to prevent Plaintiffs' continued abuse of the judicial system, and harassment of Movants as they try to collect money several courts have already held Plaintiffs stole from them, this Court should enjoin Plaintiffs from filing any new actions asserting claims, or raising defenses in pending actions, arising out Plaintiffs' claims here without first obtaining permission from this Court.

## **BACKGROUND**

This action is the latest in a long series of attempts by Plaintiffs Danzik and RDX – a now-defunct, formerly-public company – to collaterally attack the orders and judgment entered against them in an earlier action in New York, in which Plaintiffs asserted the very same claims they assert here (the "New York Action").[2]

As explained in greater detail in Movants' motion to dismiss, in the New York Action, the CWT Parties sued Danzik and RDX for stealing $5 million in federal tax credit payments. Eilender Decl. ¶ 16. In defense, Danzik and RDX alleged that the CWT Parties defrauded RDX into buying the CWT Parties' refining company, Changing World Technologies, L.P. ("CWT"), by misrepresenting and omitting material facts about the process CWT used to refine its fuel. *Id.* ¶¶ 21-26. Specifically, Danzik and RDX argued in

---

[2] *See GEM Holdco LLC v. Changing World Technologies, L.P.*, No. 650841/2013 (Sup. Ct. N.Y. Co.) (Kornreich, J.).

the New York Action that they were entitled to steal the CWT Parties' tax credits because (1) the CWT Parties had no right to these credits because they lied about CWT's refining product, and because the fuel produced by CWT did not comply with EPA and IRA regulations; and (2) Danzik and RDX were harmed by this alleged fraud, and were thus entitled to take these tax credits as a setoff. *Id.* ¶¶ 21-26. The court in the New York Action heard Danzik's and RDX's "fraud" defense, and rejected it. *Id.* ¶¶ 31-35. Indeed, the court entered a more-than $7 million judgment in favor of the CWT Parties, and held Danzik and RDX in criminal and civil contempt for their failure to return the tax credits, which the court ordered be placed in trust. *Id.* ¶¶ 41-48, 64-72. Danzik has since fled New York, and is currently a fugitive – if he returns to New York, he will be arrested and imprisoned. *Id.* ¶¶ 92-93.

Having failed (and having narrowly escaped justice) in New York, Danzik then tried to relitigate these claims in his own bankruptcy action in Wyoming bankruptcy court.[3] *Id.* ¶¶ 79-82. But the court there dismissed Danzik's bankruptcy petition, and held that the judgment and orders in the New York Action precluded Danzik from asserting these claims again. *Id.* ¶ 83.

Plaintiffs have also unsuccessfully asserted these same claims in multiple other actions across the country and in Canada:

- RDX asserted these claims in its own bankruptcy action in Arizona bankruptcy court, but then voluntarily dismissed this action after admitting

---

[3] *See In re Danzik*, No. 16-20002 (Bankr. D. Wyo.).

to the court that it was filed in bad faith to delay the New York Action.[4] *Id.* ¶ 94.

- Danzik asserted these claims against Candie Blazar, an RDX whistleblower whose testimony led the court in the New York Action to hold Plaintiffs in criminal and civil contempt, in an action in federal court in Wyoming.[5] *Id.* ¶ 95. This action was dismissed on Ms. Blazar's unopposed motion to dismiss. *Id.* ¶¶ 96-97.

- RDX asserted these claims in a reorganization action in Alberta, Canada, but then abandoned this action.[6] *Id.* ¶¶ 98-100.

- RDX asserted these claims against the same Defendants in an action that is pending in Alberta, Canada (the "Alberta Action").[7] *Id.* ¶¶ 84-91.

Undeterred, Plaintiffs seek to litigate these same claims again in this action. Indeed, the Complaint concedes that the claims Plaintiffs assert here turn on the same "fundamental threshold issue" as the claims in the New York Action and the Wyoming bankruptcy action, and the other actions referenced above – whether the CWT Parties committed fraud in the sale of CWT to RDX. *See* Compl. (Dkt. No. 1) ¶¶ 86-87. And the frivolity of their claims – as explained in the motion for sanctions that Movants are serving and will file – does not deter Plaintiffs' serial litigation strategy. Of course,

---

[4] *See In re: RDX Technologies Corporation*, Case No. 2:15-bk-15859-PS (Bankr. D. Ariz).

[5] *See Danzik v. Blazar*, Case No. 16-CV-145-J (D. Wyo.).

[6] *See IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985 c. C-36, as amended, AND IN THE MATTER OF THE BUSINESS CORPORATIONS ACT, R.S.C. 2000, c. B-9, as amended, AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF RDX TECHNOLOGIES CORPORATION and RIDGELINE ENERGY SERVICES (USA) INC.*, Court File No. 1401-09394 (Court of Queen's Bench of Alberta).

[7] *See RDX Technologies Corporation v. Brian Appel, Resource Recovery Corporation, CWT Enterprises (Canada), Inc., CWT Canada II Limited Partnership, Jean Noelting and Bruce MacFarlane*, Court File No. 1401-09394 (Court of Queen's Bench of Alberta).

Movants have incurred a substantial amount in attorneys' fees defending against these frivolous, duplicative claims across the continent. While Movants will seek attorneys' fees from Plaintiffs' counsel in their motion for sanctions, the Court should also enjoin Plaintiffs from filing any new actions asserting claims, or raising defenses in pending actions, arising out Plaintiffs' claims here without first obtaining permission from this Court.

### THE COURT SHOULD ENJOIN PLAINTIFFS FROM
### FURTHER LITIGATION ARISING OUT OF THEIR CLAIMS

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Thus, "'[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id.* at 1147 (alteration in original) (citation omitted).

Under 28 U.S.C. § 1651(a) and its inherent power, the Court may "enjoin[] litigants with abusive and lengthy histories." *Id.*; *see also Emrit v. Arizona Supreme Court*, 2016 WL 910151, at *3 (D. Ariz. Mar. 9, 2016) ("'Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'") (citation omitted). Thus, a "district court may enter an order prohibiting a vexatious litigant from filing future actions without prior leave of court." *Id.*, at *4.

Plaintiffs have asserted the same claims they assert here in courts across the continent, including in the New York Action, Danzik's Wyoming bankruptcy action, and the Alberta Action. As explained above, these claims were rejected on the merits in the New York Action, and the court there entered judgment against Danzik and RDX, and further held them in criminal and civil contempt. The Wyoming bankruptcy court also rejected these same claims, holding that the judgment and orders in the New York Action precluded Danzik from asserting them again, and further dismissing Danzik's bankruptcy petition because it was filed in bad faith. Plaintiffs also asserted these same claims in four other actions, none of which were successful. Thus, Plaintiffs' claims here are the same claims that multiple courts across the country have rejected, and are thus barred by res judicata and collateral estoppel. Indeed, Movants are separately serving on Plaintiffs' counsel, and will file, a motion for sanctions based on the frivolity of the Complaint.

But in addition to sanctions on Plaintiffs' counsel, "in light of the Plaintiff[s'] litigation history" and the significant and unnecessary expense Plaintiffs have thrust on Movants in defending against all these frivolous and duplicative actions, including this one, the Court should enter "a pre-filing injunction against Plaintiff[s] as to the assertion of lawsuits related to" the claims they assert here. *Peabody v. United States*, 2007 WL 951961, at *8 (D. Ariz. Mar. 27, 2007), *aff'd*, 263 F. App'x 560 (9th Cir. 2008). Indeed, Plaintiffs refuse to accept the adverse rulings on these claims from the courts in the New York Action and the Wyoming bankruptcy action, and so Plaintiffs' "collateral attacks on previous final judgment[s] are utterly without merit, frivolous and in bad faith." *Id.*

Further, Plaintiffs have "engaged in a continuing pattern of repeat lawsuits regarding issues that have long since been addressed in both the state and federal courts," and "[t]hese repeat lawsuits border on harassment against the Defendants that are repeatedly named." *Id.* These "repeat lawsuits" are also an "undue burden on this District's judicial resources that would be better served by addressing legitimate disputes that have not previously been addressed." *Id.*

Thus, the Court should dismiss this action for the reasons stated in Movants' motion to dismiss, and enjoin Plaintiffs from filing any new actions asserting claims, or raising defenses in pending actions, arising out Plaintiffs' claims here without first obtaining permission from this Court. *See Cervantes v. Pratt*, 2008 WL 348900, at *2 (D. Ariz. Jan. 4, 2008) (Report and Recommendation) (court may "issue an injunction prohibiting a litigant from filing specific pleadings if the litigant has abused the process of the Courts to harass and annoy others with meritless, frivolous, vexatious, or repetitive proceedings," and litigant's filings are "predominantly malicious, frivolous, or otherwise abusive"); *Peabody*, 2007 WL 951961, at *8  (granting "pre-filing injunction" against plaintiff who was a "vexatious litigant").[8]

---

[8] To enjoin a vexatious litigant from further litigation, "(i) the litigant must be given notice and an opportunity to be heard before entry of the order; (ii) the court must compile an adequate record for review; (iii) the court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (iv) the vexatious litigant order must be narrowly tailored to 'closely fit the specific vice encountered.'" *Emrit*, 2016 WL 910151, at *4 n.6 (citing *De Long*, 912 F.2d at 1147-48). These elements are met here.

1

## CONCLUSION

2

The Court should dismiss this action, and enjoin Plaintiffs from filing any new

3

actions asserting claims, or raising defenses in pending actions, arising out Plaintiffs'

4

claims here without first obtaining permission from this Court.

5

6

Dated: August 17, 2017

7

8

Respectfully submitted,

9

10

**RYAN RAPP & UNDERWOOD, P.L.C.**

11

By:    /s/ Henk Taylor (016321)
        J. Henk Taylor (016321)

12

        3200 N. Central Ave., Suite 1600
        Phoenix, Arizona 85012

13

        Telephone: (602) 280-1000
        Facsimile: (602) 265-1495

14

        E-Mail: htaylor@rrulaw.com

15

16

**And**

17

**SCHLAM STONE & DOLAN LLP**

18

        Jeffrey M. Eilender

19

        Bradley J. Nash
        Joshua Wurtzel

20

        26 Broadway

21

        New York, New York 10004
        Telephone: (212) 344-5400

22

        Facsimile:  (212) 34407677
        E-Mail: jme@schlamstone.com

23

        E-Mail: bnash@schlamstone.com

24

        E-Mail: jwurtzel@schlamstone.com

25

*Attorneys for Defendants CWT Canada II*

26

*Limited Partnership, Resource Recovery*
*Corporation, Jean Noelting, and Bruce*

27

*MacFarlane*

28

**ORIGINAL** e-filed and **COPIES**
Emailed this 17th day of August, 2017 as
follows:

Dennis I. Wilenchik
Brian J. Hembd
David A. Timchak
**WILENCHIK & BARTNESS P.C.**
2810 North Third Street
Phoenix, AZ  85004
diw@wb-law.com
brianh@wb-law.com
davidt@wb-law.com
admin@wb-law.com
*Attorneys for Plaintiffs Dennis Danzik and*
*RDX Technology Corporation*

___/s/ Henk Taylor_____
J. Henk Taylor